**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 96-40614
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KENNETH BERNARD HAMILTON,

Defendant-Appellant.

Appeal from the United States District Court
For the Eastern District of Texas

(6:95-CR-36-14)

July 29, 1997

Before WISDOM, JOLLY, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Kenneth Bernard Hamilton appeals his sentence following a

guilty-plea conviction for possession of cocaine base with intent

to distribute in violation of 21 U.S.C. § 841(a)(1). The

district court considered the purchase or delivery of six ounces

of cocaine base as relevant conduct to determine Hamilton's

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

offense level.  Hamilton asserts that this finding was based on information contained in the presentencing report which was unreliable.

The district court has "wide discretion in the kind and source of information [it] considers in imposing a sentence." United States v. Young, 981 F.2d 180, 185 (5th Cir.), cert. denied, 508 U.S. 955, 980 (1993).  "[T]he court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy.  U.S.S.G. § 6A1.3(a).  A defendant who objects to the district court's consideration of information for purposes of sentencing bears the burden of proving that the information is "materially untrue, inaccurate or unreliable."  United States v. Angulo, 927 F.2d 202, 205 (5th Cir. 1991).  If no evidence is submitted to rebut the information contained in the presentencing report, the district court is free to adopt its findings without further inquiry or explanation.  United States v. Mir, 919 F.2d 940, 943 (5th Cir. 1990).

Rather than submitting evidence to rebut the contested information, Hamilton rested on his assertion that the presentencing report was unreliable.  We find, therefore, that Hamilton did not carry his burden in this case.  The district court's consideration of the information in the presentencing

report was not erroneous.

**AFFIRMED.**